FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 31 2003

*[signature]*
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEONARDO SANTOS,

    Plaintiff,

v.                          No. CIV-03-0325 WPJ/LCS

ALLEN COOPER, (WARDEN), et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff, a federal prisoner, was labeled a "snitch" by an officer. He was then given a choice between administrative segregation for his protection or remaining in

general population. He chose general population and alleges that he lives in fear because of the snitch label. For relief he asks to be transferred to another facility.

Because Plaintiff was offered protection, the relief sought is not available. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992); *Jordan v. Williams*, No. 00-2235, 2001 WL 28020, at *2 (10th Cir. Jan. 11, 2001) ("fact that inmate is transferred to, or must reside in, a private prison, 'simply does not raise a federal constitutional claim' ") (quoting *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000)). "[T]o the extent the defendants knew of threats they took immediate action to remove [Plaintiff] from the general population. It makes no sense to infer that they . . . didn't give a fig for his welfare, when they acted promptly to protect his safety."). *McGill v. Duckworth*, 944 F.2d 344, 350 (7th Cir. 1991), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994), *quoted in Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001). Where Plaintiff's legitimate safety concerns are addressed by officials, as here, he does not have a choice as to place of confinement. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii) a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE